UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDA HERNÁNDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cv-0405 (TSC) |
| ) | |
| DAVID S. MAO, Acting Librarian, ) | |
| LIBRARY OF CONGRESS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff Ida Hernández brings this suit under Title VII of the Civil Rights Act of 1964 against David Mao, Acting Librarian of the Library of Congress, alleging sex discrimination and sexual harassment (Count I), hostile work environment based on both sex and race and national origin (Counts II, III), and retaliation (Count IV). (Compl. ¶¶ 34–67). Before the court is Defendant's partial motion to dismiss under Rule 12(b)(6).[1] (ECF No. 10). For the reasons stated herein, Defendant's motion is GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

Hernández, a Mexican-American woman, has been employed at the Library of Congress's Office of Opportunity, Inclusiveness, and Compliance ("OIC") since 2006 as a Special Assistant

---

[1] Both parties have relied on documents submitted as attachments to their briefs in support of their arguments with respect to exhaustion of administrative remedies. While the court may consider documents attached to a complaint and other matters of public record on a motion to dismiss, *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007), none of these documents were attached to Hernández's complaint, and it is not apparent that these documents are matters of public record. Therefore, the court will evaluate the exhaustion issue under the summary judgment standard. *See* Fed. R. Civ. P. 12(d); Fed. R. Civ. P. 56; *Colbert v. Potter*, 471 F.3d 158, 167–68 (D.C. Cir. 2006) (upholding district court's conversion to summary judgment where both parties attached extra-pleading material to their filings).

to the OIC Director.  (Compl. ¶¶ 4, 35, 52).  In June 2012, Kirk Rascoe joined OIC as its Director, and Hernández alleges that once he began working at OIC Rascoe made her feel "extremely uncomfortable," minimized her professional role, dismissed her ideas, and told her not to "worry [her] little head about" issues that had previously been part of her job responsibilities.  (*Id.* ¶¶ 7–9).  She further alleges that Rascoe repeatedly commented on and critiqued her clothing, including telling her that he did not like her wearing men's sweaters, and that he once gave her one of his own shirts and later asked why she had not worn it.  (*Id.* ¶¶ 10, 17).

Hernández also claims that Rascoe repeatedly referred to her as "querida," a Spanish word meaning "dear."  (*Id.* ¶ 11).  In July 2012, Hernández told Rascoe that, based on her upbringing in Texas, where Spanish was her first language, she interpreted querida to mean "a man's paid other woman or lover."  (*Id.* ¶ 12).  She asked him to stop using it because she felt it was offensive and unwelcome, but he disputed the meaning of the word and continued using it to refer to her.  (*Id.* ¶¶ 13, 16).  She further alleges that Rascoe patted a chair next to him at a meeting, indicating that Hernández should sit there, which made her feel embarrassed (*id.* ¶ 18), and that he once spoke at a meeting where Hernández was present about the Library's collection of adult books, calling OIC both the "glue and lubricant" that holds the Library together (*id.* ¶ 26).

Finally, Hernández alleges that after a disagreement in April 2013 about her role in reserving event space for Blacks in Government, an affinity group at the Library, Rascoe issued her a counseling memorandum for inappropriate conduct and failure to follow supervisory orders.  (*Id.* ¶ 20).  Rascoe allegedly then entered Hernández's office and yelled that she was to "do as I tell you to do."  (*Id.*).  Later that summer, on August 6, 2013, Hernández further states that during a one-on-one performance appraisal with Rascoe, he indicated he was giving her a satisfactory, rather than outstanding, review, and he discussed the counseling memorandum and room

reservation events at length. (*Id.* ¶ 28). During that meeting, Hernández felt threatened when Rascoe acted angrily, yelled, leaned across his desk, pointed his finger, yelled "silence!" at one point to prevent her from speaking, and physically blocked the door to prevent her exit. (*Id.*).

After she received the counseling memorandum, Hernández filed an informal allegation of discrimination with the Library's EEO office on May 15, 2013. (Def. Ex. 1 (ECF No. 10-1)). Following her performance appraisal meeting with Rascoe, she reported the incident to Lucy Suddreth on August 8, 2013, after which she was physically relocated to another department in the Library, Integrated Support Services ("ISS"), where she no longer had a personal office and lacked any assigned job responsibilities for months. (Def. Ex. 2 (ECF No. 10-2); Compl. ¶ 31). Shortly after the reassignment, she filed an additional allegation of discrimination, and then filed a formal discrimination complaint in October 2013. (Def. Exs. 2, 3). An administrative hearing was held in March 2015, and in July 2015 the hearing examiner issued its final agency decision, finding no discrimination. (Compl. ¶¶ 32–33; Pl. Ex. 1 (ECF No. 13-1)). Hernández subsequently commenced this suit in February 2016.

## II.  LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). For a plaintiff to prevail on a motion to dismiss, her complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the factual content allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, although a plaintiff may survive a Rule 12(b)(6) motion even where "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal quotation marks omitted). Evaluating a 12(b)(6) motion "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Partial summary judgment is appropriate where there is no disputed genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant must rely on record materials to demonstrate the absence of any genuinely disputed issues of material fact. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 323. The nonmoving party, in response, must present her own evidence beyond the pleadings to demonstrate specific facts showing that there is a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. A fact is material if "a dispute over it might affect the outcome of a suit," and an issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006).

## III.   DISCUSSION

Defendant argues that Hernández failed to exhaust her administrative remedies with regard to her race and national origin harassment claim and her retaliation claim. Defendant further argues that as a matter of law, the counseling memorandum that Rascoe issued to Hernández in April 2013 cannot constitute a materially adverse employment action.

### A.   Exhaustion of Administrative Remedies

Before filing a Title VII claim, a federal employee must file an administrative claim with her employing agency. 42 U.S.C. § 2000e-16; *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832

(1976).  A court "may not consider a discrimination claim that has not been exhausted." *Steele v. Schafer*, 535 F.3d 689, 693 (D.C. Cir. 2008).  The primary purpose of the exhaustion requirement is to provide the agency with sufficient notice to begin the investigative process.  *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985); *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995).  Thus, while the exhaustion requirement "should not be construed to place a heavy technical burden" on plaintiffs, it is "not a mere technicality," and a plaintiff's "Title VII lawsuit following the EEOC charge is limited in scope to claims that are like or reasonably related to the allegations of the charge and growing out of such allegations."  *Park*, 71 F.3d at 907 (internal quotations omitted).  The failure to exhaust administrative remedies under Title VII is an affirmative defense, so Defendant must establish by a preponderance of the evidence that Hernández failed to exhaust her remedies.  *See Mondy v. Sec'y of Army*, 845 F.2d 1051, 1058 n.3 (D.C. Cir. 1988) (citing *Marsh*, 777 F.2d at 13).

     Defendant first argues that Hernández failed to exhaust her administrative remedies because she did not raise a claim of race and national origin discrimination during the administrative EEO proceedings.  Hernández concedes that she did not mention discrimination based on her race or national origin at any point during the administrative proceedings, including in her informal filed allegations, her complaint, or during the course of the administrative hearing.  Instead, she argues that this claim is "reasonably related" to her claim of hostile work environment based on sex because the two claims "concern all of the same underlying issues," "share the same factual allegations," "are against the same management officials," and "directly grow out of the discrimination claims that were adjudicated in the administrative case."  (Opp. at 5).  In the court's view, Hernández's argument that there are no factual allegations that distinguish her sexual harassment claim from her race and national origin claim only cuts against her exhaustion

argument because her complaint thus gave the Library no notice whatsoever of any additional claim based on race or national origin, which is the primary purpose of the exhaustion requirement. *Marsh*, 777 F.2d at 13. Therefore, the court grants Defendant's motion for summary judgment as to Count III for failure to exhaust.

Next, Defendant argues that Hernández cannot proceed on a retaliation claim based on Lucy Suddreth reassigning her to ISS from OIC because she did not allege that the transfer was a basis for her harassment or retaliation claims in her EEO charge, and she thus failed to exhaust her administrative remedies with respect to this allegation. In the EEO charge, Hernández complained that Rascoe retaliated against her by issuing the counseling memorandum, by using violence during her performance appraisal, and by giving her a rating of satisfactory. (Def. Ex. 3 at 2). She listed "Return Ida Hernández to OIC immediately" as one of the corrective actions she sought, rather than as part of the description of alleged harassment. (*Id.*). The EEO hearing examiner did not discuss the job reassignment in his July 2015 Summary of Disposition. (*See* Pl. Ex. 1). Defendant's argument fails, however, upon a closer examination of Hernández's EEO charge. At the bottom of the first page, Hernández wrote "Mr. Rascoe *and Ms. Suddreth* retaliated after Mr. Rascoe informed of discriminatory harassment." (Def. Ex. 3 at 1 (emphasis added)). The allegation of discrimination that Hernández attached to her EEO charge states that Suddreth arranged for her to move from OIC to ISS and report to a new supervisor. (*See id.* at 14).

As explained above, the purpose of the exhaustion process is to put agencies on notice about the allegations against them. *Marsh*, 777 F.2d at 13. Importantly, the D.C. Circuit has stated that "notice may be adequate where a claim is brought to the agency's attention 'during the course of the administrative proceeding' and 'before it issued its final decision' even if the argument or claim is not clearly set out in the complaint." *Id.* (quoting *President v. Vance*, 627

F.2d 353, 362 (D.C. Cir. 1980)).  Based on the references to Hernández's reassignment in the administrative proceeding documents, and the statement on the charge that "Ms. Suddreth retaliated," the court finds that a reasonable jury could conclude that Defendant was on notice of Hernández's retaliation claim based on her reassignment and that Defendant failed to establish her failure to exhaust by a preponderance of the evidence.  The court therefore denies Defendant's motion for summary judgment as to exhaustion of this retaliation allegation.

### B. Use of Counseling Memorandum to Support Claims

Hernandez alleges that the counseling memorandum Rascoe issued against her in April 2013 was actually in retaliation after she complained to him that his behavior was harassment. (Compl. ¶ 63).  This counseling memorandum formed the basis for Hernández's initial discrimination, hostile work environment, and retaliation allegations that she filed with the Library's EEO office.  (*Id.* ¶ 32).  Defendant argues that, as a matter of law, the memorandum is not an adverse employment action sufficient to support a discrimination or retaliation claim. Because Defendant does not appear to argue that the counseling memorandum could not support a hostile work environment claim, the court will not consider that issue.

Defendant first argues that the counseling memorandum cannot form the basis of Hernández's sexual discrimination claim.  This claim requires a showing of an adverse employment action, meaning "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different benefits, or a decision causing significant change in benefits." *Douglas v. Donovan*, 559 F.3d 549, 552 (D.C. Cir. 2009) (quoting *Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003)).  The action must affect "the terms, conditions, or privileges of employment or future employment opportunities such that a reasonable trier of fact could find objectively tangible harm." *Forkkio v. Powell*, 306 F.3d 1127, 1131 (D.C.

Cir. 2002). Due to the pre-discovery posture of this case, the record is completely undeveloped as to the adverse effects, if any, of the April 2013 counseling memorandum. However, Hernández has pleaded sufficient facts in her complaint to establish that her claim for relief is at least plausible with respect to the discriminatory nature of the counseling memorandum. Therefore, the court denies Defendant's motion to dismiss this claim.

Next, Defendant similarly argues that the counseling memorandum cannot amount to a retaliatory act, as a retaliation claim requires a showing of a materially adverse employment action. *See Baloch v. Kempthorne*, 550 F.3d 1191, 1198 (D.C. Cir. 2008). In *Baloch*, the court found that "a letter of counseling [and] letter of reprimand" could not form the basis of a retaliation claim because the letters "contained no abusive language, but rather job-related constructive criticism, which 'can prompt an employee to improve her performance.'" *Id.* (quoting *Whittaker v. Northern Ill. Univ.*, 424 F.3d 640, 648 (7th Cir. 2005)). Other district courts, at the summary judgment stage, have also concluded that letters of counseling, or similar written warnings, written reprimands, or verbal reprimands, were not materially adverse employment actions and could not support retaliation claims. *See Halcomb v. Office of Senate Sergeant-at-Arms of U.S. Senate*, 563 F. Supp. 2d 228, 247 (D.D.C. 2008) (neither counseling memorandum nor written warning were adverse employment actions because they did not affect plaintiff's employment); *Cochise v. Salazar*, 601 F. Supp. 2d 196, 201 (D.D.C. 2009) (letters of counseling that contained job-related constructive criticism were not materially adverse employment actions); *Brown v. Mills*, 674 F. Supp. 2d 182, 193 (D.D.C. 2009) (verbal reprimand not a materially adverse action given "mild nature" and "absence of any consequences").

As noted above, the record is undeveloped as to whether Hernández experienced any employment consequences as a result of the counseling memorandum. In its motion to dismiss,

Defendant asks the court to conclude that Hernández has failed to allege enough facts in her complaint to have a plausible retaliation claim.  The court disagrees.  Hernández has satisfied the requirement that her complaint allege a claim that is more than speculative, and therefore the court denies Defendant's motion to dismiss this claim.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Hernández's claims relating to her counseling memorandum is DENIED.  With respect to exhaustion of her race and national origin claim and exhaustion of claims based on her job reassignment, Defendant's motion, which the court evaluated as a motion for partial summary judgment, is GRANTED IN PART and DENIED IN PART.

Date:  February 14, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge